## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**ALAN GROCHOWSKI, SR., individually**
**and on behalf of all those similarly**
**situated,**

      **Plaintiff,**    **Case No.**

**v.**


**RESORT LEGAL SERVICE, L.L.C.,**

      **Defendant.**
              /
_____

### CLASS ACTION COMPLAINT

Plaintiff, Alan Grochowski, Sr., appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, Resort Legal Service, L.L.C. based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1.  This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.  This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

---

[1] The amendment to the FTSA became effective on July 1, 2021.

3.      Defendant Resort Legal Service offers a service where they solicit individuals to sell or cancel their time shares.

4.      Defendant Resort Legal Service uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services.

5.      By doing so, Defendant Resort Legal Service has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls.  Plaintiff additionally seeks damages as authorized by the FTSA and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

7.      Plaintiff Alan Grochowski is a citizen of Florida residing in this District.

8.      Defendant Resort Legal Service, L.L.C. is a Missouri limited liability company.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10.      This Court has specific personal jurisdiction over Resort Legal Service, L.L.C. because the company sends telemarketing calls into this District.

11.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were made into this District.

## STATEMENT OF FACTS

12.     Plaintiff Grochowski is the subscriber and the sole user of the cell phone number ending with xxx-xxx-2001.

13.     This number has been on the National Do Not Call Registry since July 2003.

14.     The number is not associated with any business.

15.     The number is for personal use.

16.     On May 20, 2022, Plaintiff Grochowski received two calls from Resort Legal Service.

17.     The Plaintiff answered both calls.

18.     The Defendant offered Plaintiff their time share services.

19.     The Defendant wanted to know the location and value of the Plaintiff's timeshare.

20.     The Plaintiff informed the Defendant that he wasn't interested.

21.     Despite that, the Defendant called again on July 28, 2022.

22.     The Defendant offered the same sales pitch on the call.

23.     The Defendant's offer this time invited the Plaintiff to intend a meeting in Manchester, NH so the Plaintiff could hear more detail about their services.

24.     All of the calls started with silence before a click and a pause sound before someone came on the telephone line.

25.     Prior to the filing of this lawsuit, counsel for the Plaintiff contacted the Defendant about the calls.

26.     The Defendant did not deny the calls.

27.     Instead, the "Director of Legal Services" for the Defendant contacted the Plaintiff and inquired if counsel for the Plaintiff was a lawyer.

28.     After that, no substantive response was provided.

3

29.     In response to these unsolicited telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

### CLASS REPRESENTATION ALLEGATIONS

30.     Plaintiff seeks to represent a class of similarly situated individuals pursuant to Fed. R. Civ. P. (b)(2) and (b)(3), consisting of:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in Florida, who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

31.     Defendant and its employees or agents are excluded from the Classes.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

32.     Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

33.     Members of the Class are so numerous that their individual joinder is impracticable.

34.     On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

35.     The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

36.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

37.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

38.     Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act; and whether Class Members are entitled to statutory damages for the aforementioned violations.

## Typicality

39.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

## Adequacy of Representation

40.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

41.     The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

**Superiority**

42.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

43.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

44.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

45.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

46.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

47.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**<u>COUNT I</u>**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

48.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

6

49.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

50.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

51.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

52.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

53.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

54.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

55.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

57.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

58.     The Defendant's violations were negligent, willful, or knowing.

59.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

60.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)     For an award of statutory damages for Plaintiff and each member of the Classes;

(c)     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d)     For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: September 13, 2022          PLAINTIFF, on behalf of himself
                                   and others similarly situated,

                                   */s/ Avi R. Kaufman*
                                   Avi R. Kaufman (FL Bar no. 84382)
                                   kaufman@kaufmanpa.com
                                   Rachel E. Kaufman (FL Bar no. 87406)
                                   rachel@kaufmanpa.com
                                   KAUFMAN P.A.
                                   237 S. Dixie Hwy, 4th Floor
                                   Coral Gables, FL 33133
                                   Telephone: (305) 469-5881

9