## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ALAN GROCHOWSKI, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-01378-SEP |
| RESORT LEGAL SERVICE, LLC, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is attorney Edwin Butler's Motion to Withdraw as attorney. Doc. [33]. Butler seeks to withdraw as counsel for Defendant Resort Legal Service, LLC "for good cause shown." *Id.* Absent exceptional circumstances, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. That principle applies with special force in cases where the client is a corporation or similar artificial entity, as an artificial entity can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citation omitted). Additionally, an artificial entity such as Resort Legal Service LLC is subject to entry of a default judgment if it fails to obtain counsel as required by the Court. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014); *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court holds Butler's motion in abeyance and orders Defendant Resort Legal Service LLC to obtain substitute counsel no later than May 25, 2023. If Defendant fails to obtain substitute counsel within that time, Resort Legal Service LLC may be subject to a default judgment in favor of Plaintiff. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se).

Accordingly,

**IT IS HEREBY ORDERED** that attorney Edwin Butler's Motion to Withdraw as Attorney, Doc. [33], is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Defendant shall obtain substitute counsel no later than **May 25, 2023**, and that Defendant's substitute counsel, if any, shall file an entry of appearance no later than **May 25, 2023**.

**IT IS FURTHER ORDERED** that on **May 25, 2023**, or upon the entry of substitute counsel for Defendant, whichever comes earlier, the Court will issue an order granting the motion to withdraw, Doc. [12].

Dated this 28th day of April, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE